IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| CASSEL DIXON,<br>  Petitioner,<br><br>VS.<br><br>COLE JETER, WARDEN,<br>FMC-FORT WORTH,<br>  Respondent. | §<br>§<br>§<br>§   Civil Action No. 4:05-CV-181-Y<br>§<br>§<br>§<br>§ |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE
### AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The findings, conclusions, and recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241.

#### B. PARTIES

Petitioner Cassel Dixon, Reg. No. 12972-058, is a federal prisoner incarcerated in the Federal Medical Center (FMC-Fort Worth), in Fort Worth, Texas.

Respondent Cole Jeter is Warden of FMC-Fort Worth.

#### C. PROCEDURAL HISTORY

On August 11, 1997, Dixon pled guilty to one count of conspiracy to possess a controlled substance in the United States District Court for the Western District of North Carolina, Charlotte

Division, in Case No. 3:97-CR-7-13. *See* CM/ECF, Criminal Docket for Case # 3:97-CR-7-13, docket entry for August 11, 1997. On March 5, 1998, he was sentenced to a term of 210 months' incarceration. *Id.*, entry for March 5, 1998. Later, Dixon filed a motion to vacate his conviction and/or sentence under 28 U.S.C. § 2255 and a motion to modify his sentence in that court. *Id.*, entries for December 17, 1998 & August 30, 2001. His § 2255 motion was dismissed and his motion to modify was denied. *Id.*, entries for March 30, 2001 & September 26, 2001. He appealed the dismissal of his § 2255 motion to the Fourth Circuit, to no avail. In December 2004, Dixon sought leave from the Fourth Circuit to file a successive § 2255 motion based on the intervening Supreme Court decision in *Blakely v. Washington*. (Petition at 3.) Leave was denied on December 17, 2004. *See* CM/ECF, Criminal Docket for Case # 3:97-CR-7-13, docket entry for December 17, 2004. On March 17, 2005, Dixon filed this petition under § 2241 in this division, where he is currently serving his sentence.[1]

## D.  DISCUSSION

Dixon contends his 210-month sentence is unconstitutional in light of the Supreme Court's decision in *United States v. Booker*, 125 S. Ct. 738 (2005), in which the Court held 18 U.S.C. § 3553(b) (making the federal Sentencing Guidelines mandatory) unconstitutional. In *Booker*, a majority of the Supreme Court extended to the federal Sentencing Guidelines the rule announced in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004): pursuant to the Sixth Amendment, any fact, other than the fact of a prior conviction, "which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a

---

[1] A prisoner represented by counsel in a habeas corpus proceeding is not entitled to the benefit of the "mailbox rule." *Counsin v. Lensing*, 310 F.3d 843, 847-49 (5th Cir. 2002), *cert. denied*, 539 U.S. 918 (2003).

reasonable doubt." *Booker*, 125 S. Ct. at 756. A different majority of the Court then excised certain statutory provisions that made the Guidelines mandatory, thereby rendering the Guidelines advisory only. *Id.* at 756-57. According to Dixon, he was unconstitutionally punished in excess of the statutory maximum for the charged offense based on judge-found facts under a preponderance-of-the-evidence standard, instead of facts agreed upon by the parties in the plea agreement or found by a jury beyond a reasonable doubt. (Petition & Memorandum of Law at 3-4, 9.)

The threshold question is whether his claim is properly raised in a § 2241 habeas petition. Typically, § 2241 is used to challenge the manner in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). Section 2255, on the other hand, is the primary means under which a federal prisoner may collaterally attack the legality of his conviction or sentence. *See Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Section 2241 may be used by a federal prisoner to challenge the legality of his conviction or sentence only if he can satisfy the mandates of the so-called § 2255 "savings clause." *See Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). Section 2255 provides that a prisoner may file a writ of habeas corpus if a remedy by § 2255 motion is "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255.

To establish that a § 2255 motion is inadequate or ineffective, the prisoner must show that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or § 2255 motion. *Reyes-Requena*, 243 F.3d at 904. The Fifth Circuit has recently held that a claim such as Dixon's under the *Blakely/Booker* line of cases does not satisfy the first prong of the test. *See Padilla v. United States*, ___ F.3d ___, 2005 WL 1595291, at *3 (5th Cir. July 8, 2005) (holding *Booker* is not

3

retroactively applicable to cases on collateral review).[2] *See also In re Elwood*, 408 F.3d 211, 213 (5th Cir. 2005) (holding *Booker* does not apply retroactively on collateral review for purposes of successive motion to vacate under § 2255).

Bound by the law of our circuit, Dixon cannot meet the retroactivity requirement. As such, Dixon is precluded from challenging the legality of his sentence under § 2241. Thus, the court is without jurisdiction to consider the petition. *See Padilla*, 2005 WL 1595291, at *3; *Christopher v. Miles*, 342 F.3d 378, 379, 385 (5th Cir. ), *cert. denied*, 540 U.S. 1085 (2003).

## II. RECOMMENDATION

Because Dixon has not made the showing required to invoke the savings clause of § 2255 as to the claim presented in this habeas corpus proceeding, it is recommended that the government's motion to dismiss be granted and that Dixon's petition be dismissed with prejudice for want of jurisdiction.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's

---

[2] Other circuit courts to consider the issue have also concluded that *Booker* does not apply retroactively on collateral review. *See Guzman v. United States*, 404 F.3d 139, 141-44 (2nd Cir. 2005); *In re Olopade*, 403 F.3d 159, 160-64 (3rd Cir. 2005); *Humphress v. United States*, 398 F.3d 855, 860-61 (6th Cir. 2005); *McReynolds v. United States*, 397 F.3d 479, 480-81 (7th Cir.), *cert. denied*, 125 S. Ct. 2559 (2005); *Never Misses A Shot v. United States*, ___ F.3d ___, 2005 WL 1569403, at *2 (8th Cir. July 7, 2005); *United States v. Price*, 400 F.3d 844, 846-49 (10th Cir. 2005), *petition for cert. filed* ___ U.S.L.W. ___ (U.S. May 31, 2005) (No. 04-10694); *In re Anderson*, 396 F.3d 1336, 1338-40 (11th Cir. 2005); *United States v. Fowler*, No. 05-6493, 2005 WL 1416002, at *1 (4th Cir. June 17, 2005) (not designated for publication in the Federal Reporter); *In re Hinton*, 125 Fed. Appx. 317, 2005 WL 566608, at *1 (D.C. Cir. Mar. 10, 2005) (not designated for publication in the Federal Reporter).

4

proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until August 4, 2005. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until August 4, 2005, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED July 14, 2005.

/S/ Charles Bleil
_____
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE