IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CASSEL DIXON, | § | |
|     Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO.4:05-CV-181-Y |
| | § | |
| COLE JETER, Warden, | § | |
| FMC-Fort Worth, | § | |
|     Respondent. | § | |

ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND CONCLUSIONS

In this action brought by petitioner Cassel Dixon under 28 U.S.C. § 2241, the Court has made an independent review of the following matters in the above-styled and numbered cause:

1. The pleadings and record;

2. The proposed findings, conclusions, and recommendation of the United States magistrate judge filed on July 14, 2005; and

3. The petitioner's written objections to the proposed findings, conclusions, and recommendation of the United States magistrate judge filed on July 15, 2005.

The Court, after de novo review, concludes that Dixon's objections must be overruled, that the motion to dismiss should be granted, and that the petition for writ of habeas corpus under 28 U.S.C. § 2241 should be dismissed for lack of jurisdiction, for the reasons stated in the magistrate judge's findings and conclusions.

The Court of Appeals for the Fifth Circuit has determined that, before a petitioner may pursue relief through 28 U.S.C. § 2241 under the language of the 28 U.S.C. § 2255 savings clause,[1] he must show that:

---

[1] 28 U.S.C.A. § 2255(West Supp. 2005)("An application for writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by [2255 motion] . . . shall not be entertained . . .unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.")

>     (1) his claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that he was "actually innocent" of the charges against him because the decision decriminalized the conduct for which he was convicted; and (3) his claim would have been foreclosed by existing circuit precedent had he raised it at trial, on direct appeal, or in his original § 2255 petition.[2]

Dixon, through counsel, challenges the magistrate judge's reliance on *Padilla v. United States,* No.04-50567, 2005 WL 1595291 (5th Cir. July 8, 2005) in analyzing whether the § 2255 savings clause is satisfied. But Dixon, like the petitioner in that case, challenges enhancements to his sentence, he does not contend that the *Booker*[3] analysis demonstrates that his conviction for the substantive offense of conspiracy to possess a controlled substance has been decriminalized.[4] For this and the other reasons noted in the magistrate judge's report, Dixon has not made the showing required to satisfy the savings clause.

It is therefore ORDERED that the findings, conclusions, and recommendation of the magistrate judge should be, and are hereby, ADOPTED.

It is further ORDERED that respondent Jeter's June 27, 2005, motion to dismiss [docket no. 15] be, and is hereby, GRANTED.

---

[2] *Christopher v. Miles,* 342 F.3d 378, 382 (5th Cir.), *cert. den'd, Christopher v. Sisneros,* 540 U.S. 1085 (2003), *citing Reyes-Requena v. United States,* 243 F.3d 893, 904 (5th Cir. 2001) and *Jeffers v. Chandler,* 253 F.3d 827, 830 (5th Cir. 2001).

[3] *United States v. Booker,* 125 S.Ct. 738 (2005).

[4] *See generally Padilla,* 2005 WL 1595291, at *3 ("Padilla's claim . . . does not demonstrate that Padilla was convicted of a nonexistent offense and has no effect on whether the facts of his case would support his conviction for the substantive offense"); *Wesson v. U.S. Penitentiary Beaumont, Texas,* 305 F.3d 343, 346 (5th Cir. 2002)(noting that for a § 2241 petitioner raising an *Apprendi* claim to satisfy the savings clause, he had to show that the retroactively applicable Supreme Court decision "establishes that he may have been convicted of a nonexistent offense"); *King v. Jeter,* No. 4:04-CV-600-D, 2005 WL 195446, at *1 (N.D.Tex. Jan. 27, 2005)("*Booker*, like *Blakely*, does not implicate petitioner's conviction for a substantive offense").

It is further ORDERED that Cassel Dixon's petition for writ of habeas corpus under 28 U.S.C. § 2241 be, and is hereby, DISMISSED for lack of jurisdiction.[5]

SIGNED July 20, 2005.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[5] *Christopher,* 342 F.3d at 379, 385 (noting that since petitioner could not satisfy the savings clause, district court's order denying petition was vacated, and case remanded with order to dismiss for lack of jurisdiction).

3